UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                  Case No.  5:07-cv-201-Oc-10GRJ

FIFTY FOOT VESSEL (PONTOON BOAT)
BEARING THE NAME, "LADY L" WITH A
CORRESPONDING HULL NUMBER OF
TXR00053K304,

        Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

Pending before the Court is the United States of America's Motion for Stay of Civil Forfeiture Proceedings. (Doc. 20.) Claimant, J.T. Edge has filed a response in opposition (Doc. 21)[2] and this motion is therefore ripe for review. For the reasons discussed below, the Government's motion for stay is due to be granted.

## I. INTRODUCTION

On May 18, 2007, a verified complaint for forfeiture in rem was filed by the United States (the "Government") against Defendant Fifty Foot Vessel (Pontoon Boat) bearing the name "Lady L' with a corresponding hull number TXR00053K304. (the "Lady L".) (Doc. 1.) A federal seizure warrant was executed against the Lady L, and on June 8, 2007 the Lady L was seized. The Government requests that the Court stay this

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. §636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

[2] The United States also has filed a Notice (Doc. 22) advising the Court that counsel for Claimant, Laura Edge and ECT Trust, Laura Edge as Trustee oppose the Government's Motion For Stay.

civil forfeiture proceeding during a related criminal investigation pursuant to 18 U.S.C. § 981(g), as incorporated by 21 U.S.C. § 881(I). As authorized by 18 U.S.C. § 981(g)(5) the Government has submitted evidence *ex parte* in order to avoid disclosing any matter that may adversely affect an ongoing criminal investigation.

## II. **DISCUSSION**

The Government moves for a stay of this action on the grounds that civil discovery sought by the Claimants in this proceeding will adversely affect the investigation and prosecution of a related criminal investigation and an anticipated federal prosecution.

The relevant statute expressly authorizes the Court to issue a stay. Pursuant to 18 U.S.C. § 981(g)(1) of the Civil Asset Forfeiture Reform Act of 2000, which became effective on August 23, 2000, "[U]pon motion of the United States, the Court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." Under the statute, as amended in 2000, the pendency of a criminal action is not required so long as there is a pending related criminal investigation.[3] Thus, in order to grant a motion to stay under section 981(g)(1) the Court must determine first whether a related criminal investigation exists and second, whether civil discovery will "adversely affect" the ability of the Government to conduct the criminal investigation were the civil forfeiture case allowed to proceed.

---

[3] *See,* United States v. GAF Financial Services, Inc., 335 F.Supp.2d 1371, 1373 (S.D. Fla. 2004).

The term "related criminal investigation" as used in the statute means "an actual ... investigation in progress at the time at which the request for the stay ... is made."[4] In the instant case, the Government alleges in its motion that it has contacted the Assistant United States Attorney in the United States Virgin Islands and confirmed that there is "a related criminal investigation" and that "the targets of [the] investigation may be indicted within the next six months."[5]  The United States has further provided the Court with the details of the Virgin Islands criminal investigation in the sealed affidavit, filed with this Court *ex parte*. Accordingly, there is little dispute that the Government has established for purposes of the statute that there is a pending criminal investigation.

The Government must also show that the criminal investigation is a "related" investigation and that civil discovery would adversely affect the related criminal investigation. The statute provides that "[I]n determining whether a criminal ... investigation is 'related' to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors."[6]

The Government alleges in the Verified Complaint for Forfeiture that Joseph Edge and the Claimant J.T. Edge - who is the father of Joseph Edge - were involved in certain transactions to purchase the Lady L, in violation of 31 U.S.C. § 5324, and/or

---

[4] 18 U.S.C. § 981(g)(3).

[5] Doc. 20, p. 2, ¶7.

[6] 18 U.S.C. § 981(g)(3); GAF Financial Services at 1373 ((Where a criminal investigation and a civil forfeiture action have common facts, similar alleged violations and some common parties, the actions are clearly related.)

3

were involved in a conspiracy to commit such violations. The Government further alleges in the Verified Complaint the details of various transactions involving Joseph Edge and others characterized as "structuring" or "smurfing," which involves engaging in cash transaction in amounts of $10,000 or more that were not reported as required by law. According to the Government, the details of these transactions were uncovered by IRS investigators during the course of an IRS investigation of tax evasion. The Verified Complaint describes the involvement of Joseph Edge, his father J.T. Edge and Laura Edge, Joseph Edge's spouse.

A review of the sealed affidavit submitted by the Government, *ex parte* reveals that the criminal investigation detailed in the affidavit involves similar parties and similar facts and circumstances and thus there is no question that the criminal investigation and the civil forfeiture action are "related" for purposes of the statute.

Claimant, J.T. Edge, does not challenge the fact that the Government contends there is an ongoing criminal investigation related to the civil forfeiture proceeding but rather, argues that he should be entitled to conduct limited discovery to depose the four witnesses that have already been identified in the Government's Verified Complaint For forfeiture.[7] According to Claimant, deposing these four witnesses will not adversely affect the ability of the Government to conduct the related criminal investigation because these witnesses have already been disclosed and are currently involved in the

---

[7] The four witnesses are: (1) Special Agent Michael Harriman, the IRS Agent who verified the forfeiture complaint; (2) Oscar Laurel, the managing member of Aqua Adventures, LLC, who alleges that Joseph and Laura Edge embezzled funds from Aqua Adventures and received income from that business; (3) Robert Cunningham, owner of Trident Florida Trading LLC, the owner of Trident, the company that constructed the Lady L and received the funds that are the focus of the forfeiture action; and (4) Jerry Bolton, Joseph Edge's business partner in Key West Adventures, LLC, who allegedly was involved in structuring the purchase from Trident of a sister-ship of the Lady L.

forfeiture proceeding. Thus, the Claimant suggests that because the names of these witnesses have been fully disclosed permitting the Claimant to proceed with this limited discovery will not result in the disclosure of the identity of other witnesses or other undisclosed details of the criminal investigation and therefore this limited civil discovery will not adversely affect the Government's criminal investigation.

While the names of the four witnesses is known, the information, if any, provided to the Government has not been disclosed and permitting the Claimant to depose these individuals would open the door to the disclosure of the details of the criminal investigation. Indeed, one of the witnesses - Michael Harriman - is identified in the Verified Complaint as one of the agents involved in a federal investigation. If the Claimant was permitted to depose Agent Harriman the targets of the criminal investigation would subject the Government's ongoing criminal investigation to "early and broader civil discovery than would otherwise be possible in the context of the criminal proceeding."[8]

Moreover, with regard to the other three witnesses, who Claimant wants to depose, permitting the Claimant to depose these individuals could compromise these individuals, could compromise any existing confidential informants - if their identity was disclosed through the testimony of the disclosed witnesses - and would interfere with the Government's ability to obtain confidential information from others.

In sum, in view of the sealed evidence submitted by the Government detailing the on-going criminal investigation, the Court concludes that even limiting Claimant's

---

[8] United States v. One Assortment of Seventy-three Firearms, 352 F.Supp.2d 2, 4 (Me. 2005).

discovery to the depositions of the four witnesses, would adversely affect the ability of the Government to conduct the related criminal investigation.[9]  Accordingly, pursuant to 18 U.S.C. § 981(g), the Court is obligated to grant the Government's request for a stay.

### III.  RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that the Government's Motion For Stay of Civil Forfeiture Proceedings (Doc. 20) should be **GRANTED**. Further, to ensure that the stay is not imposed longer than necessary, the Government shall provide a status report under seal every **ninety (90) days** with regard to the continued need for a stay in this case.

**IN CHAMBERS**  in Ocala, Florida, on October 18, 2007.

GARY R. JONES
United States Magistrate Judge

Copies to:

    Honorable Wm Terrell Hodges
    Senior United States District Judge

    All Counsel

---

[9] *See* U.S. v. Real Property and Improvements Located at 10 Table Bluff Road, Loleta, CA, 2007 WL 911849 *2 (N.D.Cal.2007).